EXHIBIT 4

15 CV   898

Davis Polk Newsletter July 2006

# Private Equity Newsletter

## DAVIS POLK & WARDWELL

July 2006

# What Every Investor Should Know Before Acquiring a Large Stake in a Public Company

Private equity funds, hedge funds and other investors should consider a variety of legal issues before acquiring a large equity position in a public company, to avoid some looming pitfalls down the road. These issues have never been more relevant than today.

Depending on the level of ownership, the investment intent and other circumstances, the acquisition of a large stake in a public company may trigger a number of legal obligations, consequences and/or restrictions on future investment activity under federal or state law or the target's corporate documents, particularly if the investor has an activist agenda. An outline of these issues follows.

## Section 13(d) Filing Obligations

### In General

Any person or group that acquires more than 5 percent of a class of equity securities of a public company is required to make a filing with the SEC (on Schedule 13D or Schedule 13G, as applicable) disclosing its ownership and certain other information. Disclosure for this purpose is based on "beneficial ownership" of shares, which is defined as sole or shared voting or investment power held "directly or indirectly, through any contract, arrangement, understanding, relationship, or otherwise" and includes "the right to acquire beneficial ownership within sixty days, including . . . through the exercise of any option or warrant." Disclosure may also be triggered by membership in a "group" that beneficially owns more than 5 percent, as discussed below.

A Schedule 13D must be filed within 10 days of crossing the 5-percent threshold, and amendments disclosing material changes must generally be made the business day following the change. Importantly, Schedule 13D filers are required to disclose their plans regarding the company. A shorter and less onerous filing on Schedule 13G may be made by specified institutional investors (e.g., banks, brokers-dealers, investment companies and advisers) so long as acquisitions are made in the ordinary course of business and without the purpose or effect of changing or influencing the control of the issuer. Additionally, any investor that owns less than 20 percent of the outstanding class of equity securities who has made the investment in the ordinary course (with no control purpose or effect) may file a Schedule 13G. If, however, such investor acquires beneficial ownership of 20 percent or more (regardless of its investment intent) or changes its intent so it does have a control purpose or effect, the investor must file a Schedule 13D within 10 days. Once any such change or this 20 percent threshold is triggered, no further purchases of securities are permitted until the Schedule 13D is filed.

### Whether to File a Schedule 13D or 13G

Whether an investor should file a Schedule 13G or 13D will turn on a number of factors, the principal one of which is whether the purpose or effect of the investment is to change or influence the control of the issuer. Generally speaking, passive investors can file a Schedule 13G, whereas an activist investor, such as one who intends to take affirmative steps to change the composition of the company's board, management or strategic direction (e.g., advocating a sale or divestiture) or otherwise influence management must file a 13D. Investors generally do not file a 13D if they are merely expressing their opinion regarding such matters generally, whether to management or to other investors. However, an investor may decide to file a 13D on facts short of a legal obligation to do so for a number of reasons ranging from the investor's risk appetite in running afoul of its legal obligations (given the subjective nature of the judgments involved) to a wish to signal to the market the investor's desire to seek change (akin to putting up a sign seeking like-minded investors). That being said, filing a Schedule 13D is often viewed as an affirmatively hostile step and will be so perceived by the market and the issuer, unless the investor states in its filing that the shares are being acquired for investment purposes only.

www.dpw.com    New York · Menlo Park · Washington DC · London · Paris · Frankfurt · Madrid · Hong Kong · Tokyo

Schedule 13D filings are actively monitored, so an investor should think carefully how to present itself and its investment intentions before filing a Schedule 13D. This is particularly so in the case of a hedge fund or other frequent investor in the public markets that relies on access to management when making and managing its investments. In this regard, we note that issuers may react differently to an investor with an activist reputation (*e.g.*, Carl Icahn or Nelson Peltz) crossing a 5-percent threshold than one that has not established a pattern of activist behavior.

## How Some Investors Have Acquired More Than 5-Percent <u>Economic Ownership</u> without a 13D or 13G Filing

While an investor may acquire up to 4.9 percent of a public company without triggering a 13D or 13G filing requirement, many investors wish to gain further economic exposure to an issuer's securities without incurring the obligation to make such a filing. The reasons for this can vary, but most often revolve around an investor's desire to avoid signaling its interest in a particular stock to either the issuer or the marketplace. In such a case, it is broadly accepted on the Street that an investor may increase its economic interest in an issuer's securities beyond 4.9 percent without the need to make a 13D or 13G filing if it does so via a derivative contract that is both by its terms and in fact cash-settled.

This interpretation of "beneficial ownership" under Section 13 does, however, merit a note of caution. Specifically, while it is generally accepted practice that derivative securities that are cash-settled (either actually or by their terms) do not constitute "beneficial ownership" of the subject securities, for Section 13 purposes, this view has never been tested in the courts, and there are arguments against this view that could be advanced that might either prevail in some courts or at the very least survive a motion to dismiss. This means that any case challenging this activity <u>may have settlement value</u> and is therefore more likely to be brought. Accordingly, it would be advisable, absent other factors, to avoid taking actions that may generate publicity or otherwise lead to scrutiny with respect to the investor's positions.

## Running with the Pack and Risks of Becoming a Member of a "Group"

Subject to the reporting and proxy rules we discuss below, an investor may generally talk to other investors and management about its investment in a company. However, if the investors coordinate activities or agree to act with other investors in connection with acquiring, holding, voting or disposing of the company's securities, the investors would be deemed to have formed a "group." There are a number of adverse consequences that must be considered before taking any action that risks forming a group, including the following:

» if the group owns more than 5 percent of the issuer, each member of the group or the group jointly must file and keep current a Schedule 13D or 13G reporting the group's ownership.

» if the group owns more than 10 percent, each member of the group will become subject to Section 16 and its "short-swing profit" disgorgement rules [even if the member, by itself, owned less than 10 percent (although members' transactions are matched only with their own transactions and not those of other members)]. This is a serious risk, as it subjects the investor to liability if it purchases and sells issuer securities within six months if the price of the security is higher on the sale date than on the purchase date, even if no actual profit is earned. Additionally, under Section 16, no member of the group will be permitted to take short positions in the issuer's securities while the group exists or continues to own more than 10 percent.

» as a reputational, regulatory and, perhaps to a somewhat lesser extent, liability matter, the investor and the other group members may be tagged with responsibility for the other group member's conduct, particularly if matters become adversarial with the issuer.

In light of these risks, when meeting with management, a large investor that is not prepared to become a "group" with Investors X and Y should take care not to suggest or imply that it is acting in concert or coordinating activity with them in seeking change, although the investor should feel free to note that it has spoken with those investors and they agree with the investor's views.

A complete discussion of the case law interpreting when investors have formed a group for Section 13 purposes is too voluminous for us to discuss here. We would, however, note that Brian Breheny, chief of the SEC's Office of Mergers and Acquisitions has expressed concern about rumored concerted activity among hedge funds in an issuer's securities (without a "group" 13D filing) and noted that the staff will aggressively pursue violations of Section 13(d) if it becomes aware of them.

### Heightened Risks during Proxy Season

If an investor were to start an active campaign to replace or elect its own slate of directors or to support or oppose another shareholder's resolution in relation to an issuer, the investor must comply with the proxy rules which, among other things, require that the investor must file a proxy statement with the SEC if it solicits the support of more than 10 other shareholders. Even if it were not undertaking a proxy campaign, there is some risk under the proxy rules if it is actively talking to more than 10 other investors against or in favor of a matter that is the subject of an upcoming shareholder vote. Whether conversations with other investors will run afoul of these restrictions will usually require an analysis of the specific facts, so consultation with counsel is advisable.

## Section 16 Risks to a 10-percent Holder

An issuer's directors and officers, as well as beneficial owners of more than 10 percent of any class of its registered voting equity securities, are subject to (a) reporting requirements, (b) recoverability of "short-swing profits" realized from trades in those securities and (c) restrictions on short sales in those securities.[1]

Section 16 imposes two different "beneficial ownership" standards, depending on the purpose of the ownership calculation. First, for purposes of determining whether a holder has crossed the 10-percent threshold, the beneficial ownership standards are the same as set forth in Section 13(d) of the Exchange Act that we discussed above. For all other purposes under Section 16, beneficial ownership of securities means having or sharing a direct or indirect pecuniary interest in those securities. The term pecuniary interest is broadly defined as the opportunity, directly or indirectly, to profit, or share in any profit, derived from a transaction in the subject securities, including the right to acquire an issuer's securities through the exercise of a derivative instrument or synthetic derivative interest relating to the issuer's securities.

### Reporting Requirements

Section 16(a) of the Exchange Act requires that directors, officers and >10-percent holders must file with the SEC (a) a Form 3 disclosing the amount of all such securities beneficially owned by them, (b) a Form 4 reporting any changes in ownership before the end of the second business day following the day the change occurred and (c) a Form 5 to disclose at year-end certain transactions that were exempt from earlier reporting requirements (such as gifts).

### Recoverability of Profits

Section 16(b) provides that the issuer of equity securities can recover any "short-swing profits" realized by any director, officer or >10-percent beneficial owner from any purchase and sale, or sale and purchase, of those securities within any period of 6 months (including by way of derivative instruments). When applying this rule, it is important to note that actual profit is not necessary. Rather, purchases and sales are arbitrarily "matched" for purposes of Section 16 so as to create a recoverable "profit." For example, a >10 percent beneficial owner that purchases a share at $20, sells that share at $18, and purchases another share at $16, will have its purchase

---

[1] Exemptions from these rules apply to certain market-making activities of dealers and certain types of arbitrage transactions.

D A V I S   P O L K   &   W A R D W E L L

at $16, and sale at $18 "matched" to create a recoverable "short swing profit," regardless of the timing or other circumstances of the transactions. The justification for this outcome is the desire to discourage corporate "insiders" from trading on inside information. Note also that the rule employs a strict liability standard; actual misuse of, or intent to misuse, inside information is irrelevant.

## Restrictions on Short Sales

Section 16(c) bars persons that are subject to Section 16 from selling equity securities of the issuer if that person (a) does not own the securities sold, or (b) owns those securities and does not make delivery of them against that sale within 20 days, or mail them within 5 days of that sale. As applied to synthetic sale positions (*e.g.*, an open put position), those positions must be fully covered through actual physical ownership of securities at all times while the position is outstanding.

## Potential Section 16 Risks to Certain Investors with Long Derivative Positions

We described earlier how certain investors may increase their economic interest in an issuer's securities beyond 4.9 percent without the need to make a 13D or 13G filing if they do so via a derivative contract that is, both by its terms and in fact, cash-settled. We also described how this legal position has not been blessed by the SEC or the courts and may be subject to legal challenge, so public awareness creates meaningful legal risks. Similar legal issues apply to an investor with a 9.9-percent ownership interest in a public company and greater economic exposure through cash-settled derivative securities, except that the legal risks are higher so the theoretical cost of publicity is likewise greater.

For example, if Hedge Fund, LLC beneficially owns 9.9 percent of an issuer's common stock, it is a counterparty to a cash-settled derivative instrument giving it economic exposure to an additional 5 percent of that stock, and it thereafter elects to become activist and switch from a Schedule 13G to a Schedule 13D, the risk of a Section 16 lawsuit (and "short-swing" profit disgorgement) increases materially for several reasons. First, filing a Schedule 13D is often a newsworthy event. Further, Schedule 13D requires the filing person to describe all "contracts, arrangements, understandings or relationships . . . with respect to securities of the issuer, including . . . loan or option arrangements, puts or calls . . . division of profits or loss," which clearly requires a description of any cash-settled derivative. Such news coverage and the description of derivative instruments in the Schedule 13D (and a > 10-percent economic exposure to the issuer's common stock) risks eliciting scrutiny from the SEC or the Section 16 bar, which we know to monitor Schedule 13D filings for possible lawsuits to file. Additionally, once a holder acknowledges an intent or purpose of changing or influencing the control of the issuer by filing a Schedule 13D, the issuer may have an incentive to seek to impose Section 16 liability on that holder. As a result, Hedge Fund, LLC should be cautious in these circumstances before becoming activist and switching from a 13G to a 13D filing, as the level of information and attention in the marketplace may increase materially and the number of parties with incentives to challenge the filer's Section 16 interpretation may also increase.

# Hart-Scott-Rodino Antitrust Improvements Act ("HSR Act")

The HSR Act also imposes filing obligations on investors that acquire large stakes in public companies. An investment resulting in ownership of voting securities or assets with an aggregate value of more than $56.7 million (increasing annually based on changes in gross national product) generally triggers notification requirements with the Federal Trade Commission and the Department of Justice. In calculating the $56.7 million or other percentage amounts, the HSR Act only looks to outstanding voting securities and disregards derivatives such as warrants and non-voting convertible preferred stock (until exercised or converted). Once a filing is made, the target company is notified and must make a responsive filing. The investor may not cross the $56.7 million threshold until it receives DOJ or FTC clearance. The waiting period is typically 30 days (15 days for an all-cash tender offer), subject to early termination.

There are two key exceptions to the above requirement: First, an acquisition of 10 percent or less is exempt if the acquisition is made by a passive investor, solely for the purpose of investment. Certain passive institutional investors may acquire up to 15 percent. Passivity is a vague standard, however, and potentially activist investors have relied on this exception. An investor will lose this exception under HSR if, among other things, it has certain governing responsibilities such as board representation or the right to designate a

board representative.  An investor would also not be able to rely on the exception if it is a direct competitor of the target company, which would include a private equity or hedge fund that owns a majority stake in a business that is acquiring a direct competitor. Second, the HSR rules applicable to partnerships (including LLCs) are such that the ownership positions of even affiliated partnerships or LLCs often may not be aggregated even if they act in concert or have the same general partner or manager, because partnerships and LLCs are treated as affiliated entities only if they share the same 50-percent owner (*i.e.*, they have the right to 50 percent or more of either the profits or assets upon dissolution of the LLC or partnership involved).  Because hedge funds generally are structured as LLCs or partnerships and parallel funds typically do not have the requisite overlapping ownership, a series of related hedge funds could, in theory, each acquire a 9.9-percent position (assuming the investment exception is available) without ever having to make an HSR filing.

## Other Requirements/Laws

Investors should also consider laws such as anti-takeover statutes enacted in some states that prohibit large shareholders from effecting a "business combination" transaction with a target for some period of time, with exceptions, such as prior board or shareholder approval.  An investor should also consider the company's corporate organizational documents, such as its charter and bylaws, which may contain certain provisions such as fair price provisions and notice and supermajority requirements.  The regulatory framework applicable to the investor and/or target company should also be reviewed.  For example, investors affiliated with bank holding companies are generally subject to limitations on acquiring voting securities of certain companies that are non-banks under the Bank Holding Company Act.

Finally, an investor should determine whether a company has a shareholder rights plan ("poison pill") in effect that will be triggered when a specified number of shares is acquired, making it difficult for an investor to acquire an influential stake in the company or accomplish corporate change without incumbent board support.  Issues such as "group" membership may be a factor when determining whether an investor will be considered an acquiring person for purposes of a rights plan.  A company looking to shield itself from attack by an activist investor, on the other hand, may consider the effectiveness of enacting a rights plan, which has been demonstrated as one possible way to thwart an attack.  At the very least, a well-drafted rights plan may have a "chilling" effect on group activities.

This newsletter provides a general overview of a variety of complex legal issues, so we recommend that an investor considering a significant investment in a public company consult counsel on these and other issues to determine what impact, if any, they may have on the investor's strategy.

## Conclusion

With investor capital reaching an all-time high and M&A merger activity higher than it has been since 2000, investors are acquiring increasingly large investment stakes in public companies.  Before such investments are made, however, investors should carefully consider the legal and regulatory pitfalls that may lay before them.

*This memorandum is a summary for general information only. It is not a full analysis of the matters presented and should not be relied upon as legal advice.*

© 2006 Davis Polk & Wardwell

EXHIBIT 5
SEC Form 4 Herbalife Feb. 28 and March 1, 2013

EXHIBIT 5
SEC Form 4 Herbalife Feb. 28 and March 1, 2013

| Sec Form 4 | Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks Insider Buying | Insider Sales |
| | Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

## Icahn Carl C - Herbalife Ltd - For 03/01/13

1. About Form 4 Filing: Every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the '34 Act must file with the U.S. Securities and Exchange Commission (SEC) a statement of ownership regarding such security. The initial filing is on Form 3 and changes are reported on Form 4. The Annual Statement of beneficial ownership of securities is on Form 5. The forms contain information on the reporting person's relationship to the company and on purchases and sales of such equity securities.
2. Form 4 is stored in SEC's EDGAR database. EDGAR is Electronic Data Gathering, Analysis and Retrieval System. It is a registered trademark of the SEC.

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ==>> What is insider trading>>

Email a friend >>...

Enter Stock Ticker Symbol or Cik:              Free Search!      Cik Lookup...

Search By Company or Insider Name:            Search!

---

The following is an SEC EDGAR document rendered as filed.
Here is the list of insider trading transaction codes.

---

# FORM 4

| OMB APPROVAL | |
| --- | --- |
| OMB Number: | 3235-0287 |
| Expires: | November 30, 2011 |
| Estimated average burden hours per response... | 0.5 |

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

## STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person *<br>ICAHN CARL C | 2. Issuer Name and Ticker or Trading Symbol<br>HERBALIFE LTD. [ HLF] | 5. Relationship of Reporting Person(s) to Issuer<br>(Check all applicable) |
| --- | --- | --- |
| (Last)        (First)        (Middle)<br>C/O ICAHN ASSOCIATES HOLDING LLC, 767 FIFTH AVE.,<br>SUITE 4700 | 3. Date of Earliest Transaction (MM/DD/YY)<br>02/28/2013 | ___ Director         ___ X ___ 10% Owner<br>___ Officer (give title below) ___ Other (specify below) |
| (Street)<br>NEW YORK, NY   10153 | 4. If Amendment, Date Original Filed(MM/DD/YY) | 6. Individual or Joint/Group Filing(Check Applicable Line)<br>___ Form filed by One Reporting Person<br>___ X ___ Form filed by More than One Reporting Person |
| (City)        (State)        (Zip) | | |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1.Title of Security (Instr. 3) | 2. Transaction Date (MM/DD/YY) | 2A. Deemed Execution Date, if any (MM/DD/YY) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Shares, par value $0.001 per share ("Common Shares") | 02/28/2013 | | X | | 3,230,606 | A | | 14,015,151 | I | pleasee see all footnotes [1] [2] [3] [4] [5] [6] [7] [8] [9] |
| Common Shares | 03/01/2013 | | X | | 8,311,738 | A | | 14,015,151 | I | please see all footnotes [1] [2] [3] [4] [5] [6] [7] [8] [9] |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
( e.g. , puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (MM/DD/YY) | 3A. Deemed Execution Date, if any (MM/DD/YY) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (MM/DD/YY) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| 2013 Call Option ("right to purchase") | $ 23.5 | 02/28/2013 | | X | | 3,230,606 | | [1] [2] [3] [4] [5] [6] [7] [8] [9] | 05/10/2013 | Common Shares | 3,230,606 | $ 13.29 | 0 | I | please see all footnotes [1] [2] [3] [4] [5] [6] [7] [8] [9] |
| 2013 Put Option ("obligation to purchase") | $ 23.5 | 02/28/2013 | | X | | 3,230,606 | | [1] [2] [3] [4] [5] [6] [7] [8] [9] | 05/10/2013 | Common Shares | 3,230,606 | $ 0.01 | 0 | I | please see all footnotes [1] [2] [3] [4] [5] [6] [7] [8] [9] |

| 2015 Call Option | $ 26 | 03/01/2013 | | X | 8,311,738 | (1)(2)(3)(4)(5)(6)(7)(8)(9) | 01/28/2015 | Common Shares | 8,311,738 | $ 10.27 | 0 | | I | all footnotes (1)(2)(3)(4)(5)(6)(7)(8)(9) |
| 2015 Put Option | $ 26 | 03/01/2013 | | X | 8,311,738 | (1)(2)(3)(4)(5)(6)(7)(8)(9) | 01/28/2015 | Common Shares | 8,311,738 | $ 0.01 | 0 | | I | please see all footnotes (1)(2)(3)(4)(5)(6)(7)(8)(9) |

## Reporting Owners

| Reporting Owner Name / Address | Relationships | | | |
|---|---|---|---|---|
| | Director | 10% Owner | Officer | Other |
| ICAHN CARL C<br>C/O ICAHN ASSOCIATES HOLDING LLC<br>767 FIFTH AVE., SUITE 4700<br>NEW YORK, NY  10153 | | X | | |
| HIGH RIVER LIMITED PARTNERSHIP<br>445 HAMILTON AVENUE<br>SUITE 1210<br>WHITE PLAINS, NY  10601 | | X | | |
| ICAHN PARTNERS LP<br>445 HAMILTON AVENUE<br>SUITE 1210<br>WHITE PLAINS, NY  10601 | | X | | |
| ICAHN PARTNERS MASTER FUND LP<br>445 HAMILTON AVENUE<br>SUITE 1210<br>WHITE PLAINS, X1  10601 | | X | | |
| ICAHN PARTNERS MASTER FUND II L.P.<br>445 HAMILTON AVENUE<br>SUITE 1210<br>WHITE PLAINS, NY  10601 | | X | | |
| ICAHN PARTNERS MASTER FUND III L.P.<br>445 HAMILTON AVENUE<br>SUITE 1210<br>WHITE PLAINS, NY  10601 | | | | |

## Signatures

| | |
|---|---|
| CARL C. ICAHN | 03/01/2013 |
| ** Signature of Reporting Person | Date |
| HIGH RIVER LIMITED PARTNERSHIP | 03/01/2013 |
| ** Signature of Reporting Person | Date |
| ICAHN PARTNERS LP | 03/01/2013 |
| ** Signature of Reporting Person | Date |
| ICAHN PARTNERS MASTER FUND LP | 03/01/2013 |
| ** Signature of Reporting Person | Date |
| ICAHN PARTNERS MASTER FUND II LP | 03/01/2013 |
| ** Signature of Reporting Person | Date |
| ICAHN PARTNERS MASTER FUND III LP | 03/01/2013 |
| ** Signature of Reporting Person | Date |

**Explanation of Responses:**

( 1 ) High River Limited Partnership ("High River") directly beneficially owns 2,803,029 Shares, Icahn Partners LP ("Icahn Partners") directly beneficially owns 4,260,759 Shares, Icahn Partners Master Fund LP ("Icahn Master") directly beneficially owns 4,410,789 Shares, Icahn Partners Master Fund II LP ("Icahn Master II") directly beneficially owns 1,764,000 Shares, and Icahn Partners Master Fund III LP ("Icahn Master III") directly beneficially owns 776,574 Shares.

( 2 ) Barberry Corp. ("Barberry"), is the sole member of Hopper Investments LLC ("Hopper"), which is the general partner of High River. Beckton Corp. ("Beckton") is the sole stockholder of Icahn Enterprises G.P. Inc. ("Icahn Enterprises GP"), which is the general partner of Icahn Enterprises Holdings L.P. ("Icahn Enterprises Holdings"). Icahn Enterprises Holdings is the sole member of IPH GP LLC ("IPH"), which is the general partner of Icahn Capital LP ("Icahn Capital"). Icahn Capital is the general partner of each of Icahn Onshore LP ("Icahn Onshore") and Icahn Offshore LP ("Icahn Offshore"). Icahn Onshore is the general partner of Icahn Partners. Icahn Offshore is the general partner of each of Icahn Master, Icahn Master II and Icahn Master III. Each of Barberry and Beckton is 100 percent owned by Carl C. Icahn. As such, Mr. Icahn is in a position indirectly to determine the investment and voting decisions made by each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III. Each of Hopper, Barberry and Mr. Icahn may be deemed to beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which High River owns. Each of Hopper, Barberry and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 3 ) Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which Icahn Partners owns. Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 4 ) Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which Icahn Partners owns. Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 5 ) Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which Icahn Master, Icahn Master II and Icahn Master III owns. Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 6 ) High River directly beneficially owned 646,121 call options (the "$23.50 Call Options"), Icahn Partners directly beneficially owned 982,139 $23.50 Call Options, Icahn Master directly beneficially owned 1,016,722 $23.50 Call Options, Icahn Master II directly beneficially owned 406,618 $23.50 Call Options, and Icahn Master III directly beneficially owned 179,006 $23.50 Call Options. On February 28, 2013, each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III exercised all of their respective $23.50 Call Options in their entirety, and thereby acquired 646,121 Shares, 982,139 Shares, 1,016,722 Shares, 406,618 Shares and 179,006 Shares respectively.

( 7 ) High River directly wrote 646,121 European-style $23.50 put options (the "$23.50 Put Options"), Icahn Partners directly wrote 982,139 $23.50 Put Options, Icahn Master directly wrote 1,016,722 $23.50 Put Options, Icahn Master II directly wrote 406,618 $23.50 Put Options, and Icahn Master III directly wrote 179,006 $23.50 Put Options. On February 28, 2013, upon exercise of the $23.50 Call Options, all of the $23.50 Put Options terminated.

( 8 ) High River directly beneficially owned 1,662,347 call options (the "$26.00 Call Options"), Icahn Partners directly beneficially owned 2,527,247 $26.00 Call Options, Icahn Master directly beneficially owned 2,615,555 $26.00 Call Options, Icahn Master II directly beneficially owned 1,046,094 $26.00 Call Options, and Icahn Master III directly beneficially owned 460,495 $26.00 Call Options. On March 1, 2013, each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III exercised all of their respective $26.00 Call Options in their entirety, and thereby acquired 1,662,347 Shares, 2,527,247 Shares, 2,615,555 Shares, 1,046,094 Shares and 460,495 Shares respectively.

( 9 ) High River directly wrote 1,662,347 European-style $26.00 put options (the "$26.00 Put Options"), Icahn Partners directly wrote 2,527,247 $26.00 Put Options, Icahn Master directly wrote 2,615,555 $26.00 Put Options, Icahn Master II directly wrote 1,046,094 $26.00 Put Options, and Icahn Master III directly wrote 460,495 $26.00 Put Options. On March 1, 2013, upon exercise of the $26.00 Call Options, all of the $26.00 Put Options terminated.

**Reminder:** Report on a separate line for each class of securities owned directly or indirectly.

\* If the form is filed by more than one reporting person, see Instruction 4(b)(v).

\*\* Intentional misstatements or omissions of facts constitute Federal Criminal Violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.
Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

© 2005-2015 SecForm4.Com All rights reserved.
Archives: 2015 2014 2013 2012 2011 2010 ...
Tue, 27 Jan 2015 18:54:12 -0600

SEC is the U.S. Securities and Exchange Commission. EDGAR is a trademark of the SEC.
SecForm4.Com is not affiliated with or approved by the U.S. Securities and Exchange Commission (SEC).
Terms of Use | Privacy Statement |

15 cv      898

EXHIBIT 6 a
SEC Form 4 Nuance May 1, 2013

Case 1:15-cv-00898-UA   Document 1-2   Filed 02/06/15   Page 12 of 26

## Sec Form 4

| Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks Insider Buying | Insider Sales |
| Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

### Icahn Carl C - Nuance Communications Inc. - For 05/02/13

1. **About Form 4 Filing:** Every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the '34 Act must file with the U.S. Securities and Exchange Commission (SEC) a statement of ownership regarding such security. The initial filing is on Form 3 and changes are reported on Form 4. The Annual Statement of beneficial ownership of securities is on Form 5. The forms contain information on the reporting person's relationship to the company and on purchases and sales of such equity securities.
2. Form 4 is stored in SEC's EDGAR database. EDGAR is Electronic Data Gathering, Analysis and Retrieval system. It is a registered trademark of the SEC.

Enter Stock Ticker Symbol or Cik:         Free Search!    Cik Lookup...

Search By Company or Insider Name:              Search!

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ==>> What is insider trading>>

🖂 Email a friend >>...

---

The following is an SEC EDGAR document rendered as filed.
Here is the list of insider trading transaction codes.

# FORM 4

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

### STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
| --- | --- |
| OMB Number: | 3235-0287 |
| Expires: | November 30, 2011 |
| Estimated average burden hours per response... | 0.5 |

| 1. Name and Address of Reporting Person *<br>ICAHN CARL C.<br>(Last)      (First)      (Middle)<br>C/O ICAHN ASSOCIATES HOLDING LLC, 767 FIFTH AVE., SUITE 4700<br>(Street)<br>NEW YORK, NY  10153<br>(City)    (State)    (Zip) | 2. Issuer Name and Ticker or Trading Symbol<br>Nuance Communications, Inc. [ NUAN ]<br><br>3. Date of Earliest Transaction (MM/DD/YY)<br>04/30/2013<br><br>4. If Amendment, Date Original Filed(MM/DD/YY) | 5. Relationship of Reporting Person(s) to Issuer<br>(Check all applicable)<br>_ Director    _X_ 10% Owner<br>_ Officer (give title below)   _ Other (specify below)<br><br>6. Individual or Joint/Group Filing(Check Applicable Line)<br>_X_ Form filed by One Reporting Person<br>_ Form filed by More than One Reporting Person |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1.Title of Security (Instr. 3) | 2. Transaction Date (MM/DD/YY) | 2A. Deemed Execution Date, if any (MM/DD/YY) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Code | V | Amount | (A) or (D) | Price | | | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
( e.g. , puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (MM/DD/YY) | 3A. Deemed Execution Date, if any (MM/DD/YY) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (MM/DD/YY) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Call Option ("right to purchase") | $ 12.3 | 05/01/2013 | | P | | 1,000,000 | | 05/01/2013 | 02/20/2015 | Shares | 1,000,000 | $ 6.63 | 3,351,643 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option ("obligation to purchase") | $ 12.3 | 05/01/2013 | | P | | 1,000,000 | | 05/01/2013 | 02/20/2015 | please see footnote ( 8 ) | 1,000,000 | $ 0.01 | 3,351,643 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |

### Reporting Owners

| Reporting Owner Name / Address | Relationships | | | |
| --- | --- | --- | --- | --- |
| | Director | 10% Owner | Officer | Other |
| ICAHN CARL C<br>C/O ICAHN ASSOCIATES HOLDING LLC<br>767 FIFTH AVE., SUITE 4700<br>NEW YORK, NY  10153 | | X | | |

### Signatures

CARL C. ICAHN                                       05/02/2013

** Signature of Reporting Person               Date

**Explanation of Responses:**
( 1 ) High River Limited Partnership ("High River") directly beneficially owns 6,309,528 Shares. Icahn Partners LP ("Icahn Partners") directly beneficially owns 9,520,046 Shares, Icahn Partners

Master Fund LP ("Icahn Master") directly beneficially owns 10,047,350 Shares, Icahn Partners Master Fund II LP directly beneficially owns 4,035,653 Shares, and Icahn Partners Master Fund III LP ("Icahn Master III") directly beneficially owns 1,734,854 Shares.

( 2 )Barberry Corp. ("Barberry"), is the sole member of Hopper Investments LLC ("Hopper"), which is the general partner of High River. Beckton Corp. ("Beckton") is the sole stockholder of Icahn Enterprises G.P. Inc. ("Icahn Enterprises GP"), which is the general partner of Icahn Enterprises Holdings L.P. ("Icahn Enterprises Holdings"). Icahn Enterprises Holdings is the sole member of IPH GP LLC ("IPH"), which is the general partner of Icahn Capital LP ("Icahn Capital"). Icahn Capital is the general partner of each of Icahn Onshore LP ("Icahn Onshore") and Icahn Offshore LP ("Icahn Offshore"). Icahn Onshore is the general partner of Icahn Partners. Icahn Offshore is the general partner of each of Icahn Master, Icahn Master II and Icahn Master III.

( 3 )Each of Barberry and Beckton is 100 percent owned by Carl C. Icahn. As such, Mr. Icahn is in a position indirectly to determine the investment and voting decisions made by each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III. Each of Hopper, Barberry and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which High River owns. Each of Hopper, Barberry and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 4 )Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which Icahn Partners owns. Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 5 )Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-2 under the Act) the Shares which each of Icahn Master, Icahn Master II and Icahn Master III owns. Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 6 )High River directly beneficially owns 670,329 call options (the "Call Options"), Icahn Partners directly beneficially owns 1,011,475 Call Options, Icahn Master directly beneficially owns 1,068,967 Call Options, Icahn Master II directly beneficially owns 417,190 Call Options, and Icahn Master III directly beneficially owns 183,682 Call Options.

( 7 )High River directly wrote 670,329 European-style put options (the "Put Options"), Icahn Partners directly wrote 1,011,475 Put Options, Icahn Master directly wrote 1,068,967 Put Options, Icahn Master II directly wrote 417,190 Put Options, and Icahn Master III directly wrote 183,682 Put Options.

( 8 )The Call Options reference an aggregate of 3,351,643 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide for physical settlement. The Put Options reference an aggregate of 3,351,643 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide that they settle in cash.

**Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.**

\* If the form is filed by more than one reporting person, *see* Instruction 4(b)(v).

\*\* Intentional misstatements or omissions of facts constitute Federal Criminal Violations. *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.
Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

© 2005-2014 SecForm4.Com All rights reserved.
Archives: 2014 2013 2012 2011 2010 2009 ...
Sun, 19 Oct 2014 15:25.28 -0500

SEC is the U.S. Securities and Exchange Commission. EDGAR is a trademark of the SEC. SecForm4.Com is not affiliated with or approved by the U.S. Securities and Exchange Commission (SEC).

Terms of Use | Privacy Statement |

Log In? | Sign Up | Sign In

Home | Archives | Products | About | Contact | FAQ

| Sec Form 4 | Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks Insider Buying | Insider Sales |
| | Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

## Icahn Carl C - Nuance Communications Inc. - For 05/13/13

1. **About Form 4 Filing:** Every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the '34 Act must file with the U.S. Securities and Exchange Commission (SEC) a statement of ownership regarding such security. The initial filing is on Form 3 and changes are reported on Form 4. The Annual Statement of beneficial ownership of securities is on Form 5. The forms contain information on the reporting person's relationship to the company and on purchases and sales of such equity securities.
2. Form 4 is stored in SEC's EDGAR database. EDGAR is Electronic Data Gathering, Analysis and Retrieval System. It is a registered trademark of the SEC.

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ===> What is insider trading>>

☐ Email a friend >>

Enter Stock Ticker Symbol or Cik:    Free Search!    Cik Lookup...

Search By Company or Insider Name:    Search!

The following is an SEC EDGAR document rendered as filed.
Here is the list of insider trading transaction codes.

# FORM 4

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b).

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549
### STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP
Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Expires: | November 30, 2011 |
| Estimated average burden hours per response... | 0.5 |

| 1. Name and Address of Reporting Person | 2. Issuer Name and Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| ICAHN CARL C | Nuance Communications, Inc. [ NUAN] | ___ Director    _X_ 10% Owner |
| (Last) (First) (Middle) | 3. Date of Earliest Transaction (MM/DD/YY) | ___ Officer (give title below) ___ Other (specify below) |
| C/O ICAHN ASSOCIATES HOLDING LLC, 767 FIFTH AVE., SUITE 4700 | 05/09/2013 | |
| (Street) | 4. If Amendment, Date Original Filed(MM/DD/YY) | 6. Individual or Joint/Group Filing(Check Applicable Line) |
| NEW YORK, NY 10153 | | _X_ Form filed by One Reporting Person |
| (City) (State) (Zip) | | ___ Form filed by More than One Reporting Person |

### Table I – Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1.Title of Security (Instr. 3) | 2. Transaction Date (MM/DD/YY) | 2A. Deemed Execution Date, if any (MM/DD/YY) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |

### Table II – Derivative Securities Acquired, Disposed of, or Beneficially Owned
( *e.g.* , puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (MM/DD/YY) | 3A. Deemed Execution Date, if any (MM/DD/YY) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (MM/DD/YY) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Call Option ("right to purchase") | $ 12.3 | 05/09/2013 | | P | | 1,000,000 | | 05/09/2013 | 02/20/2015 | please see footnote (8) | 1,000,000 | $ 6.63 | 4,351,643 | I | please see all footnotes (1) (2) (3) (4) (5) (6) (7) (8) |
| Put Option ("obligation to purchase") | $ 12.3 | 05/09/2013 | | S | | | 1,000,000 | 02/20/2015 | 02/20/2015 | please see footnote (8) | 1,000,000 | $ 0.01 | 4,351,643 | I | please see all footnotes (1) (2) (3) (4) (5) (6) (7) (8) |
| Call Option ("right to purchase") | $ 12.3 | 05/10/2013 | | P | | 511,349 | | 05/10/2013 | 02/20/2015 | please see footnote (8) | 511,349 | $ 6.68 | 4,862,992 | I | please see all footnotes (1) (2) (3) (4) (5) (6) (7) (8) |
| Put Option ("obligation to purchase") | $ 12.3 | 05/10/2013 | | S | | | 511,349 | 02/20/2015 | 02/20/2015 | please see footnote (8) | 511,349 | $ 0.01 | 4,862,992 | I | please see all footnotes (1) (2) (3) (4) (5) (6) (7) (8) |

Case 1:15-cv-00898-UA   Document 1-2   Filed 02/06/15   Page 15 of 26

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | please see all footnotes ( 6 ) ( 7 ) ( 8 ) |
| Call Option ("right to purchase") | $ 12.3 | 05/13/2013 | | P | 1,388,900 | | 05/13/2013 | 02/20/2015 | please see footnote ( 8 ) | 1,388,900 | $ 6.53 | 6,251,892 | I | ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option ("obligation to purchase") | $ 12.3 | 05/13/2013 | | S | | 1,388,900 | 02/20/2015 | 02/20/2015 | please see footnote ( 8 ) | 1,388,900 | $ 0.01 | 6,251,892 | I | please see all footnotes ( 6 ) ( 7 ) ( 8 ) ( 6 ) ( 7 ) ( 8 ) |

## Reporting Owners

| Reporting Owner Name / Address | Relationships | | | |
|---|---|---|---|---|
| | Director | 10% Owner | Officer | Other |
| ICAHN CARL C<br>C/O ICAHN ASSOCIATES HOLDING LLC<br>767 FIFTH AVE., SUITE 4700<br>NEW YORK, NY   10153 | | X | | |

## Signatures

CARL C. ICAHN               05/13/2013

\*\* Signature of Reporting Person         Date

**Explanation of Responses:**

( 1 ) High River Limited Partnership ("High River") directly beneficially owns 6,309,528 Shares, Icahn Partners LP ("Icahn Partners") directly beneficially owns 9,520,046 Shares, Icahn Partners Master Fund LP ("Icahn Master") directly beneficially owns 10,942,359 Shares, Icahn Partners Master Fund II LP ("Icahn Master II") directly beneficially owns 3,940,853 Shares, and Icahn Partners Master Fund III LP ("Icahn Master III") directly beneficially owns 1,734,854 Shares.

( 2 ) Barberry Corp. ("Barberry"), is the sole member of Hopper Investments LLC ("Hopper"), which is the general partner of High River. Beckton Corp. ("Beckton") is the sole stockholder of Icahn Enterprises G.P. Inc. ("Icahn Enterprises GP"), which is the general partner of Icahn Enterprises Holdings L.P. ("Icahn Enterprises Holdings"). Icahn Enterprises Holdings is the sole member of IPH GP LLC ("IPH"), which is the general partner of Icahn Capital LP ("Icahn Capital"). Icahn Capital is the general partner of each of Icahn Onshore LP ("Icahn Onshore") and Icahn Offshore LP ("Icahn Offshore"). Icahn Onshore is the general partner of Icahn Partners. Icahn Offshore is the general partner of each of Icahn Master, Icahn Master II and Icahn Master III.

( 3 ) Each of Barberry and Beckton is 100 percent owned by Carl C. Icahn. As such, Mr. Icahn is in a position indirectly to determine the investment and voting decisions made by each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III. Each of Hopper, Barberry and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which High River owns. Each of Hopper, Barberry and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 4 ) Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which Icahn Partners owns. Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 5 ) Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which each of Icahn Master, Icahn Master II and Icahn Master III owns. Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 6 ) High River directly beneficially owns 1,250,379 Call Options (the "Call Options"), Icahn Partners directly beneficially owns 1,885,199 Call Options, Icahn Master directly beneficially owns 1,995,863 Call Options, Icahn Master II directly beneficially owns 778,261 Call Options, and Icahn Master III directly beneficially owns 342,190 Call Options.

( 7 ) High River directly wrote 1,250,379 European-style put options (the "Put Options"), Icahn Partners directly wrote 1,885,199 Put Options, Icahn Master directly wrote 1,995,863 Put Options, Icahn Master II directly wrote 778,261 Put Options, and Icahn Master III directly wrote 342,190 Put Options. In each case, the exercise, termination or transfer of the Call Options will reduce the number of Put Options on a one-for-one basis.

( 8 ) The Call Options reference an aggregate of 6,251,892 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide for physical settlement. The Put Options reference an aggregate of 6,251,892 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide that they settle in cash.

**Reminder:** Report on a separate line for each class of securities beneficially owned directly or indirectly.

\* If the form is filed by more than one reporting person, *see* Instruction 4(b)(v).

\*\* Intentional misstatements or omissions of facts constitute Federal Criminal Violations. *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

© 2005-2014 SecForm4.Com All rights reserved.
Archives: 2014 2013 2012 2011 2010 2009 ...
Sun, 19 Oct 2014 15:22:51 -0500

SEC is the U.S. Securities and Exchange Commission. EDGAR is a trademark of the SEC. SecForm4.Com is not affiliated with or approved by the U.S. Securities and Exchange Commission (SEC).
Terms of Use | Privacy Statement |

Home | Archives | Products | About | Contact | FAQ |   New User? Sign Up | Sign In

| Sec Form 4 | Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks Insider Buying | Insider Sales |
| | Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

## Icahn Carl C - Nuance Communications Inc. - For 05/16/13

1. **About Form 4 Filing:** Every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the '34 Act must file with the U.S. Securities and Exchange Commission (SEC) a statement of ownership regarding such security. The initial filing is on Form 3 and changes are reported on Form 4. The Annual Statement of beneficial ownership of securities is on Form 5. The forms contain information on the reporting person's relationship to the company and on purchases and sales of such equity securities.
2. Form 4 is stored in SEC's EDGAR database. EDGAR is Electronic Data Gathering, Analysis and Retrieval System. It is a registered trademark of the SEC.

Enter Stock Ticker Symbol or Cik:    Free Search!    Cik Lookup...

Search By Company or Insider Name:    Search!   Google

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ==>> What is insider trading>>

⊠ Email a friend >>...

The following is an SEC EDGAR document rendered as filed.
Here is the list of insider trading transaction codes.

# FORM 4

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

## STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP
Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
| --- | --- |
| OMB Number: | 3235-0287 |
| Expires: | November 30, 2011 |
| Estimated average burden hours per response..... | 0.5 |

| 1. Name and Address of Reporting Person *<br>ICAHN CARL C<br><br>(Last) (First) (Middle)<br>C/O ICAHN ASSOCIATES HOLDING LLC, 767 FIFTH AVE., SUITE 4700<br>(Street)<br>NEW YORK, NY 10153<br>(City) (State) (Zip) | 2. Issuer Name and Ticker or Trading Symbol<br>Nuance Communications, Inc. [ NUAN]<br><br>3. Date of Earliest Transaction (MM/DD/YY)<br>05/14/2013<br><br>4. If Amendment, Date Original Filed(MM/DD/YY) | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable)<br>___ Director   _X_ 10% Owner<br>___ Officer (give title below) ___ Other (specify below)<br><br>6. Individual or Joint/Group Filing(Check Applicable Line)<br>_X_ Form filed by One Reporting Person<br>___ Form filed by More than One Reporting Person |

## Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (MM/DD/YY) | 2A. Deemed Execution Date, if any (MM/DD/YY) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Code | V | Amount | (A) or (D) | Price | | | |

## Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
### (e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (MM/DD/YY) | 3A. Deemed Execution Date, if any (MM/DD/YY) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (MM/DD/YY) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Call Option ("right to purchase") | $ 12.3 | 05/14/2013 | | P | | 516,203 | | 05/14/2013 | 02/20/2015 | please see footnote ( 8 ) | 516,203 | $ 6.51 | 6,768,095 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option ("obligation to purchase") | $ 12.3 | 05/14/2013 | | S | | | 516,203 | 02/20/2015 | 02/20/2015 | please see footnote ( 8 ) | 516,203 | $ 0.01 | 6,768,095 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Call Option ("right to purchase") | $ 12.3 | 05/15/2013 | | P | | 808,227 | | 05/15/2013 | 02/20/2015 | please see footnote ( 8 ) | 808,227 | $ 6.3 | 7,576,322 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option | | | | | | | | | please see footnote | | | | | please see all footnotes |

| Sec Form 4 | Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks Insider Buying | Insider Sales |
|---|---|---|---|---|---|
| | Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

## Icahn Carl C - Nuance Communications Inc. - For 06/05/13

1. **About Form 4 Filing:** Every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the '34 Act must file with the U.S. Securities and Exchange Commission (SEC) a statement of ownership regarding such security. The initial filing is on Form 3 and changes are reported on Form 4. The Annual Statement of beneficial ownership of securities is on Form 5. The forms contain information on the reporting person's relationship to the company and on purchases and sales of such equity securities.

2. Form 4 is stored in SEC's EDGAR database. EDGAR is Electronic Data Gathering, Analysis and Retrieval System. It is a registered trademark of the SEC.

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ==>> What is insider trading>>

✉ Email a friend >>...

Enter Stock Ticker Symbol or Cik:     Free Search!     Cik Lookup...

Search By Company or Insider Name:     Search!

The following is an SEC EDGAR document rendered as filed.
Here is the list of insider trading transaction codes.

# FORM 4

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

### STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

OMB APPROVAL

OMB Number: 3235-0287
Expires: November 30, 2011
Estimated average burden hours per response... 0.5

| 1. Name and Address of Reporting Person * ICAHN CARL C | 2. Issuer Name and Ticker or Trading Symbol Nuance Communications, Inc. [ NUAN ] | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| (Last) (First) (Middle) C/O ICAHN ASSOCIATES HOLDING LLC, 767 FIFTH AVE., SUITE 4700 | 3. Date of Earliest Transaction (MM/DD/YYYY) 06/03/2013 | ___ Director   X ___ 10% Owner ___ Officer (give title below) ___ Other (specify below) |
| (Street) NEW YORK, NY 10153 | 4. If Amendment, Date Original Filed(MM/DD/YY) | 6. Individual or Joint/Group Filing(Check Applicable Line) X ___ Form filed by One Reporting Person ___ Form filed by More than One Reporting Person |
| (City) (State) (Zip) | | |

## Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (MM/DD/YY) | 2A. Deemed Execution Date, if any (MM/DD/YY) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |

## Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
### ( e.g. , puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (MM/DD/YY) | 3A. Deemed Execution Date, if any (MM/DD/YY) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (MM/DD/YY) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Call Option ("right to purchase") | $ 12.3 | 06/03/2013 | | P | | 957,104 | | 06/03/2013 | 02/20/2015 | please see footnote ( 8 ) | 957,104 | $ 6.44 | 9,664,619 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option ("obligation to purchase") | $ 12.3 | 06/03/2013 | | S | | | 957,104 | 02/20/2015 | 02/20/2015 | please see footnote ( 8 ) | 957,104 | $ 0.01 | 9,664,619 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Call Option ("right to purchase") | $ 12.3 | 06/04/2013 | | P | | 59,261 | | 06/04/2013 | 02/20/2015 | please see footnote ( 8 ) | 59,261 | $ 6.63 | 9,723,880 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option ("obligation to purchase") | $ 12.3 | 06/04/2013 | | S | | | 59,261 | 02/20/2015 | 02/20/2015 | please see footnote ( 8 ) | 59,261 | $ 0.01 | 9,723,880 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 8 ) |

| **Sec Form 4** | Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks Insider Buying | Insider Sales |
| | Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

## Icahn Carl C - Nuance Communications Inc. - For 05/21/13

1. **About Form 4 Filing:** Every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the '34 Act must file with the U.S. Securities and Exchange Commission (SEC) a statement of ownership regarding such security. The initial filing is on Form 3 and changes are reported on Form 4. The Annual Statement of beneficial ownership of securities is on Form 5. The forms contain information on the reporting person's relationship to the company and on purchases and sales of such equity securities.
2. Form 4 is stored in SEC's EDGAR database. EDGAR is Electronic Data Gathering, Analysis and Retrieval System. It is a registered trademark of the SEC.

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ==>> What is insider trading>>

Enter Stock Ticker Symbol or Cik:

Free Search!        Cik Lookup...

🖂 Email a friend >>...

Search By Company or Insider Name:

Search!

The following is an SEC EDGAR document rendered as filed.
Here is the list of insider trading transaction codes.

| | OMB APPROVAL |
| --- | --- |
| | OMB Number: 3235-0287 |
| | Expires: November 30, 2011 |
| | Estimated average burden hours per response... 0.5 |

# FORM 4

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b).

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person | 2. Issuer Name and Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
| --- | --- | --- |
| ICAHN CARL C (Last) (First) (Middle) | Nuance Communications, Inc. [ NUAN ] | Director __ __X__ 10% Owner |
| C/O ICAHN ASSOCIATES HOLDING LLC, 767 FIFTH AVE., SUITE 4700 (Street) | 3. Date of Earliest Transaction (MM/DD/YY) 05/17/2013 | Officer (give title below) __ Other (specify below) __ |
| NEW YORK, NY 10153 (City) (State) (Zip) | 4. If Amendment, Date Original Filed(MM/DD/YY) | 6. Individual or Joint/Group Filing(Check Applicable Line) __X__ Form filed by One Reporting Person __ Form filed by More than One Reporting Person |

## Table I – Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (MM/DD/YY) | 2A. Deemed Execution Date, if any (MM/DD/YY) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Code | V | Amount | (A) or (D) | Price | | | |

## Table II – Derivative Securities Acquired, Disposed of, or Beneficially Owned
### ( *e.g.*, puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (MM/DD/YY) | 3A. Deemed Execution Date, if any (MM/DD/YY) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (MM/DD/YY) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Call Option ("right to purchase") | $ 12.3 | 05/17/2013 | | P | | 500,000 | | 05/17/2013 | 02/20/2015 | please see footnote ( 8 ) | 500,000 | $ 6.31 | 8,326,322 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option ("obligation to purchase") | $ 12.3 | 05/17/2013 | | S | | | 500,000 | 02/20/2015 | 02/20/2015 | please see footnote ( 8 ) | 500,000 | $ 0.01 | 8,326,322 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Call Option ("right to purchase") | $ 12.3 | 05/20/2013 | | P | | 381,193 | | 05/20/2013 | 02/20/2015 | please see footnote ( 8 ) | 381,193 | $ 6.29 | 8,707,515 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option | | | | | | | | | | please see | | | | | please see all footnotes ( |

| | ("obligation to purchase") | $ 12.3 | 05/20/2013 | | S | 381,193 | 02/20/2015 | 02/20/2015 8) | A | 8,707,515 | I | 1) 2) 3)<br>4) 5)<br>6) 7) 8) |

## Signatures

CARL C. ICAHN       05/21/2013

** Signature of Reporting Person    Date

### Reporting Owners

| Reporting Owner Name / Address | Relationships | | | |
|---|---|---|---|---|
| | Director | 10% Owner | Officer | Other |
| ICAHN CARL C<br>C/O ICAHN ASSOCIATES HOLDING LLC<br>767 FIFTH AVE., SUITE 4700<br>NEW YORK, NY 10153 | | X | | |

## Explanation of Responses:

( 1 ) High River Limited Partnership ("High River") directly beneficially owns 6,309,528 Shares, Icahn Partners LP ("Icahn Partners") directly beneficially owns 9,520,046 Shares, Icahn Partners Master Fund LP ("Icahn Master") directly beneficially owns 10,042,550 Shares, Icahn Partners Master Fund II LP ("Icahn Master II") directly beneficially owns 3,940,853 Shares, and Icahn Partners Master Fund III LP ("Icahn Master III") directly beneficially owns 1,734,854 Shares. Beckton Corp. ("Beckton") is the sole stockholder of High River. Barberry Corp. ("Barberry"), is the sole member of Hopper Investments LLC ("Hopper"), which is the general partner of High River. Icahn Enterprises Holdings is the sole member of IPH GP LLC ("IPH"), which is the general partner of Icahn Enterprises Holdings L.P. ("Icahn Enterprises Holdings"). Icahn Enterprises G.P. Inc. ("Icahn Enterprises GP"), which is the general partner of Icahn Capital LP ("Icahn Capital"). Icahn Capital is the general partner of each of Icahn Master, Icahn Master II and Icahn Master III. Icahn Offshore LP ("Icahn Offshore"), Icahn Onshore is the general partner of Icahn Partners. Icahn Offshore is the general partner of each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III. Each of Hopper, Barberry and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 3 ) Each of Barberry and Beckton is 100 percent owned by Carl C. Icahn. As such, Mr. Icahn is in a position indirectly to determine the investment and voting decisions made by each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III. Each of Hopper, Barberry and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which High River owns. Each of Hopper, Barberry and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 2 ) Barberry Corp. ("Barberry"), is the sole member of Hopper Investments LLC ("Hopper"), which is the general partner of High River. Icahn Enterprises Holdings is the sole member of IPH GP LLC ("IPH"), which is the general partner of Icahn Enterprises Holdings L.P. ("Icahn Enterprises Holdings") and Icahn Onshore LP ("Icahn Onshore") and Icahn Offshore LP ("Icahn Offshore"). Icahn Onshore is the general partner of Icahn Partners. Icahn Offshore is the general partner of each of Icahn Master, Icahn Master II and Icahn Master III.

( 5 ) Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which each of Icahn Master, Icahn Master II and Icahn Master III owns. Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 6 ) High River directly beneficially owns 1,741,504 American-style call options (the "Call Options"), Icahn Partners directly beneficially owns 2,626,135 Call Options, Icahn Master directly beneficially owns 2,777,920 Call Options, Icahn Master II directly beneficially owns 1,084,932 Call Options, and Icahn Master III directly beneficially owns 477,124 Call Options. Icahn Partners directly wrote 2,777,920 Put Options, Icahn Master II directly beneficially owns 2,626,135 Put Options, Icahn Master directly wrote 2,777,920 Put Options, Icahn Master III directly wrote 1,741,504 European-style put options (the "Put Options"), Icahn Partners directly wrote 477,124 Put Options. In each case, the exercise, termination or transfer of the Call Options will reduce the number of Put Options on a one-for-one basis.

( 8 ) The Call Options reference an aggregate of 8,707,515 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide that they settle in cash.

( 8 ) The Call Options reference an aggregate of 8,707,515 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide for physical settlement. The Put Options reference an aggregate of 8,707,515 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide that they settle in cash.

**Reminder:** Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, see Instruction 4(b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

**Note:** File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

© 2005-2014 SecForm4.Com All rights reserved.<br>Archives: 2014 2013 2012 2011 2010 2009 ...<br>Sun, 19 Oct 2014 15:20:46 -0800

SEC is the U.S. Securities and Exchange Commission. EDGAR is a trademark of the SEC. SecForm4.Com is not affiliated with or approved by the U.S. Securities and Exchange Commission (SEC).

Terms of Use | Privacy Statement |

| Home | Archives | Products | About | Contact | FAQ |

## Sec Form 4

| | Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks Insider Buying | Insider Sales |
| | Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

### Icahn Carl C - Nuance Communications Inc. - For 06/10/13

1. **About Form 4 Filing:** Every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the '34 Act must file with the U.S. Securities and Exchange Commission (SEC) a statement of ownership regarding such security. The initial filing is on Form 3 and changes are reported on Form 4. The Annual Statement of beneficial ownership of securities is on Form 5. The forms contain information on the reporting person's relationship to the company and on purchases and sales of such equity securities.
2. Form 4 is stored in SEC's EDGAR database. EDGAR is Electronic Data Gathering, Analysis and Retrieval System. It is a registered trademark of the SEC.

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ==>> What is insider trading>>

Enter Stock Ticker Symbol or Cik:        Free Search!    Cik Lookup...

Search By Company or Insider Name:       Search!

✉ Email a friend >>...

The following is an SEC EDGAR document rendered as filed.
Here is the list of insider trading transaction codes.

OMB APPROVAL
OMB Number: 3235-0287
Expires: November 30, 2011
Estimated average burden hours per response... 0.5

## FORM 4

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

### UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549
### STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP
Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person * | 2. Issuer Name and Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| ICAHN CARL C | Nuance Communications, Inc. [ NUAN ] | ___ Director          _X_ 10% Owner |
| (Last)    (First)    (Middle) | 3. Date of Earliest Transaction (MM/DD/YY) | ___ Officer (give title below)   ___ Other (specify below) |
| C/O ICAHN ASSOCIATES HOLDING LLC, 767 FIFTH AVE., SUITE 4700 | 06/06/2013 | 6. Individual or Joint/Group Filing(Check Applicable Line) |
| (Street) | 4. If Amendment, Date Original Filed(MM/DD/YY) | _X_ Form filed by One Reporting Person |
| NEW YORK, NY   10153 | | ___ Form filed by More than One Reporting Person |
| (City)    (State)    (Zip) | | |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1.Title of Security (Instr. 3) | 2. Transaction Date (MM/DD/YY) | 2A. Deemed Execution Date, if any (MM/DD/YY) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
( e.g. , puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (MM/DD/YY) | 3A. Deemed Execution Date, if any (MM/DD/YY) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (MM/DD/YY) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security; Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Call Option ("right to purchase") | $ 12.3 | 06/06/2013 | | P | | 653,600 | | 06/06/2013 | 02/20/2015 | please see footnote 8 | 653,600 | $ 6.35 | 12,555,297 | I | please see all footnotes 1 2 3 4 5 6 7 8 |
| Put Option ("obligation to purchase") | $ 12.3 | 06/06/2013 | | S | | | 653,600 | 02/20/2015 | 02/20/2015 | please see footnote 8 | 653,600 | $ 0.01 | 12,555,297 | I | please see all footnotes 1 2 3 4 5 6 7 8 |
| Call Option ("right to purchase") | $ 12.3 | 06/10/2013 | | P | | 779,357 | | 06/10/2013 | 02/20/2015 | please see footnote 8 | 779,357 | $ 6.52 | 13,334,654 | I | please see all footnotes 1 2 3 4 5 6 7 8 |
| Put Option | | | | | | | | | | please see | | | | | please see all footnotes |

| ("obligation to purchase") | $ 12.3 | 06/10/2013 | | S | 779,357 | 12/20/2014 | A | $9.01 | 13,334,654 | | I | (1) (2) (3) (4) (5) (6) (7) (8) |

## Signatures

CARL C. ICAHN                                          06/10/2013

** Signature of Reporting Person                        Date

## Reporting Owners

| Reporting Owner Name / Address | Relationships | | | |
|---|---|---|---|---|
| | Director | 10% Owner | Officer | Other |
| ICAHN CARL C. C/O ICAHN ASSOCIATES HOLDING LLC 767 FIFTH AVE., SUITE 4700 NEW YORK, NY  10153 | | X | | |

**Explanation of Responses:**

( 1 ) High River Limited Partnership ("High River") directly beneficially owns 8,309,528 Shares, Icahn Partners LP ("Icahn Partners") directly beneficially owns 9,520,046 Shares, Icahn Partners Master Fund LP ("Icahn Master") directly beneficially owns 10,042,250 Shares, Icahn Partners Master Fund II LP ("Icahn Master II") directly beneficially owns 3,910,853 Shares, and Icahn Partners Master Fund III LP ("Icahn Master III") directly beneficially owns 1,724,854 Shares.

( 2 ) Barberry Corp. ("Barberry"), is the sole member of Hopper Investments LLC ("Hopper"), which is the general partner of High River. Beckton Corp. ("Beckton") is the sole stockholder of High River. Icahn Enterprises Holdings L.P. ("Icahn Enterprises Holdings"). Icahn Enterprises Holdings is the sole member of IPH GP LLC ("IPH"), which is the general partner of Icahn Capital LP ("Icahn Capital"). Icahn Capital is the general partner of each of Icahn Onshore LP ("Icahn Onshore") and Icahn Offshore LP ("Icahn Offshore"). Icahn Onshore is the general partner of Icahn Partners. Icahn Offshore is the general partner of each of Icahn Master, Icahn Master II and Icahn Master III. Beckton is 100 percent owned by Carl C. Icahn. As such, Mr. Icahn is in a position indirectly to determine the investment and voting decisions made by each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III. Each of Hopper, Barberry and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 3 ) Each of Barberry and Beckton is 100 percent owned by Carl C. Icahn. As such, Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which High River owns. Each of Hopper, Barberry and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 4 ) Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which Icahn Partners owns. Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 5 ) Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Master II and Icahn Master III owns. Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 6 ) High River directly beneficially owns 2,666,931 American-style call options (the "Call Options"), Icahn Partners directly beneficially owns 4,022,517 Call Options, Icahn Master directly beneficially owns 1,659,586 Call Options, and Icahn Master III directly beneficially owns 730,231 Call Options.

( 7 ) High River directly wrote 2,666,931 European-style put options (the "Put Options"), Icahn Partners directly wrote 4,022,517 Put Options, Icahn Master directly wrote 4,254,989 Put Options, Icahn Master II directly wrote 1,659,986 Put Options, and Icahn Master III directly wrote 730,231 Put Options. In each case, the exercise, termination or transfer of the Call Options will reduce the number of Put Options on a one-for-one basis.

( 8 ) The Call Options reference an aggregate of 13,334,654 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide for physical settlement. The Put Options reference an aggregate of 13,334,654 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide that they settle in cash.

**Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.**

\* If the form is filed by more than one reporting person, *see* Instruction 4(b)(v).

\*\* Intentional misstatements or omissions of facts constitute Federal Criminal Violations. *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

**Note:** File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

© 2005-2014 SecForm4.Com All rights reserved.
Archives: 2014 2013 2012 2011 2010 2009 ...
Sun, 19 Oct 2014 15:18:15 -0500

SEC is the U.S. Securities and Exchange Commission. EDGAR is a trademark of the SEC. SecForm4.Com is not affiliated with or approved by the U.S. Securities and Exchange Commission (SEC).
Terms of Use | Privacy Statement |

Home | Archives | Products | About | Contact | FAQ

| | Penny Stocks | Insider Sales |
| Form 4 Filings | Insider Buys | Significant Buys | Insider Buying | |
| | Insider Buys | | Insider Trading | Insider Watch |
| Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Graph View | |

## Sec Form 4

### Icahn Carl C - Nuance Communications Inc. - For 06/13/13

1. About Form 4 Filing: Every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the '34 Act must file with the U.S. Securities and Exchange Commission (SEC) a statement of ownership regarding such security. The initial filing is on Form 3 and changes are reported on Form 4. The Annual Statement of beneficial ownership of securities is on Form 5. The forms contain information on the reporting person's relationship to the company and on purchases and sales of such equity securities.
2. Form 4 is stored in SEC's EDGAR database. EDGAR is Electronic Data Gathering, Analysis and Retrieval System. It is a registered trademark of the SEC.

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ===> What is insider trading>>

☐ Email a friend >>__

Enter Stock Ticker Symbol or Cik:          Free Search!          Cik Lookup...

Search By Company or Insider Name:          Search!

The following is an SEC EDGAR document rendered as filed.
Here is the list of insider trading transaction codes.

OMB APPROVAL
OMB Number:          3235-0287
Expires:          November 30, 2011
Estimated average burden hours per response...          0.5

## FORM 4

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

### UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

### STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person ⁎ | 2. Issuer Name and Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
| ICAHN CARL C | Nuance Communications, Inc. [ NUAN] | Director __ __ X __ 10% Owner |
| (Last) (First) (Middle) | 3. Date of Earliest Transaction (MM/DD/YY) | Officer (give title below) __ Other (specify below) |
| C/O ICAHN ASSOCIATES HOLDING LLC, 767 FIFTH AVE., SUITE 4700 | 06/11/2013 | |
| (Street) | 4. If Amendment, Date Original Filed(MM/DD/YY) | 6. Individual or Joint/Group Filing(Check Applicable Line) __ X __ Form filed by One Reporting Person |
| NEW YORK, NY  10153 | | __ Form filed by More than One Reporting Person |
| (City) (State) (Zip) | | |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1.Title of Security (Instr. 3) | 2. Transaction Date (MM/DD/YY) | 2A. Deemed Execution Date, if any (MM/DD/YY) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| | | | Code | V | Amount | (A) or (D) | Price | | | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
( e.g. , puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (MM/DD/YY) | 3A. Deemed Execution Date, if any (MM/DD/YY) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (MM/DD/YY) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Call Option ("right to purchase") | $ 12.3 | 06/11/2013 | | P | | 140,384 | | 06/11/2013 | 02/20/2015 | please see footnote ( 8 ) | 140,384 | $ 6.42 | 13,475,038 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option ("obligation to purchase") | $ 12.3 | 06/11/2013 | | S | | | 140,384 | 02/20/2015 | 02/20/2015 | please see footnote ( 8 ) | 140,384 | $ 0.01 | 13,475,038 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Call Option ("right to purchase") | $ 12.3 | 06/12/2013 | | P | | 250,000 | | 06/12/2013 | 02/20/2015 | please see footnote ( 8 ) | 250,000 | $ 6.57 | 13,725,038 | I | please see all footnotes ( 8 ) |
| Put Option | | | | | | | | | | please see | | | | | please see all footnotes |

SEC Form 4 - Icahn Carl C - Nuance Communications Inc. - For 06/13/13

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 250,000 | | 02/20/2015 | | 250,000 | $ 0.01 | 13,725,038 | I |
| 06/19/2014 ("obligation to purchase") | $ 12.3 | 06/12/2013 | | S | | | | | | | please see all footnotes |
| Call Option ("right to purchase") | $ 12.3 | 06/13/2013 | | P | 116,235 | 06/13/2013 | 02/20/2013 | 116,235 | $ 6.51 | 13,841,273 | I |
| Put Option ("obligation to purchase") | $ 12.3 | 06/13/2013 | | S | | 116,235 | 02/20/2015 | 02/20/2015 | 116,235 | $ 0.01 | 13,841,273 | I |

## Signatures

CARL C. ICAHN                                      06/13/2013

** Signature of Reporting Person                  Date

## Reporting Owners

| Reporting Owner Name / Address | Relationships | | | |
|---|---|---|---|---|
| | Director | 10% Owner | Officer | Other |
| ICAHN CARL C C/O ICAHN ASSOCIATES HOLDING LLC 767 FIFTH AVE., SUITE 4700 NEW YORK, NY 10153 | | X | | |

## Explanation of Responses:

( 1 ) High River Limited Partnership ("High River") directly beneficially owns 6,269,528 Shares, Icahn Partners LP ("Icahn Partners") directly beneficially owns 9,520,046 Shares, Icahn Partners Master Fund LP ("Icahn Master") directly beneficially owns 10,242,350 Shares, Icahn Partners Master Fund II LP ("Icahn Master II") directly beneficially owns 3,940,852 Shares, and Icahn Partners Master Fund III LP ("Icahn Master III") directly beneficially owns 1,734,854 Shares.

( 2 ) Barberry Corp. ("Barberry"), is the sole member of Hopper Investments LLC ("Hopper"), which is the general partner of High River. Beckton Corp. ("Beckton") is the sole stockholder of Icahn Enterprises G.P. Inc. ("Icahn Enterprises GP"), which is the general partner of Icahn Enterprises Holdings L.P. ("Icahn Enterprises Holdings"). Icahn Enterprises Holdings is the sole member of IPH GP LLC ("IPH"), which is the general partner of Icahn Capital LP ("Icahn Capital"). Icahn Capital is the general partner of each of Icahn Onshore LP ("Icahn Onshore") and Icahn Offshore LP ("Icahn Offshore"). Icahn Onshore is the general partner of Icahn Partners. Icahn Offshore is the general partner of each of Icahn Master, Icahn Master II and Icahn Master III. Each of Barberry and Beckton is 100 percent owned by Carl C. Icahn. As such, Mr. Icahn is in a position indirectly to determine the investment and voting decisions made by each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III. Each of Hopper, Barberry and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which High River owns. Each of Hopper, Barberry and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 4 ) Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which Icahn Partners owns. Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 5 ) Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which each of Icahn Master, Icahn Master II and Icahn Master III owns. Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 6 ) High River directly beneficially owns 2,768,255 American-style call options (the "Call Options"), Icahn Partners directly beneficially owns 4,175,382 Call Options, Icahn Master directly beneficially owns 4,416,374 Call Options, Icahn Master II directly beneficially owns 1,723,206 Call Options, and Icahn Master III directly beneficially owns 758,056 Call Options.

( 7 ) High River directly wrote 2,768,255 European-style put options (the "Put Options"), Icahn Partners directly wrote 4,175,382 Put Options, Icahn Master directly wrote 4,416,374 Put Options, Icahn Master II directly wrote 1,723,206 Put Options, and Icahn Master III directly wrote 758,056 Put Options. In each case, the exercise, termination or transfer of the Call Options will reduce the number of Put Options on a one-for-one basis. The Put Options, Icahn Master directly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which Icahn Partners own, and provide for physical settlement. The Put Options reference an aggregate of 13,841,273 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide that they settle in cash.

( 8 ) The Call Options reference an aggregate of 13,841,273 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide that they settle in cash.

**Reminder:** Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, see Instruction 4(b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

**Note:** File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

c 2005-2014 Section16.Com All rights reserved. Archives: 2014 2013 2012 2011 2010 2009
Sun, 19 Oct 2014 15:16:14 -0500

SEC is the U.S. Securities and Exchange Commission. EDGAR is a trademark of the SEC. Sec.Form4.Com is not affiliated with or approved by the U.S. Securities and Exchange Commission (SEC).
Terms of Use | Privacy Statement |

New User? Sign Up! | Sign In

Home | Archives | Products | About | Contact | FAQ

| Sec Form 4 | Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks Insider Buying | Insider Sales |
| | Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

## Icahn Carl C - Nuance Communications Inc. - For 06/18/13

1. **About Form 4 Filing:** Every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the '34 Act must file with the U.S. Securities and Exchange Commission (SEC) a statement of ownership regarding such security. The initial filing is on Form 3 and changes are reported on Form 4. The Annual Statement of beneficial ownership of securities is on Form 5. The forms contain information on the reporting person's relationship to the company and on purchases and sales of such equity securities.

2. Form 4 is stored in SEC's EDGAR database. EDGAR is Electronic Data Gathering, Analysis and Retrieval System. It is a registered trademark of the SEC.

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ==>> What is insider trading>>

Email a friend >>...

Enter Stock Ticker Symbol or Cik:    Free Search!    Cik Lookup...

Search By Company or Insider Name:    Search!

The following is an SEC EDGAR document rendered as filed.
Here is the list of insider trading transaction codes.

# FORM 4

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**
Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Expires: | November 30, 2011 |
| Estimated average burden hours per response..... | 0.5 |

1. Name and Address of Reporting Person *
ICAHN CARL C
(Last)   (First)   (Middle)
C/O ICAHN ASSOCIATES HOLDING LLC, 767 FIFTH AVE.,
SUITE 4700
(Street)
NEW YORK, NY  10153
(City)   (State)   (Zip)

2. Issuer Name and Ticker or Trading Symbol
Nuance Communications, Inc. [ NUAN ]

3. Date of Earliest Transaction (MM/DD/YY)
06/14/2013

4. If Amendment, Date Original Filed (MM/DD/YY)

5. Relationship of Reporting Person(s) to Issuer
(Check all applicable)
___ Director    X ___ 10% Owner
___ Officer (give title below) ___ Other (specify below)

6. Individual or Joint/Group Filing(Check Applicable Line)
X ___ Form filed by One Reporting Person
___ Form filed by More than One Reporting Person

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (MM/DD/YY) | 2A. Deemed Execution Date, if any (MM/DD/YY) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
( *e.g.* , puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (MM/DD/YY) | 3A. Deemed Execution Date, if any (MM/DD/YY) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (MM/DD/YY) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Call Option ("right to purchase") | $ 12.3 | 06/14/2013 | | P | | 750,000 | | 06/14/2013 | 02/20/2015 | See footnote ( 8 ) | 750,000 | $ 6.46 | 14,591,273 | I | Please see all footnotes ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option ("obligation to purchase") | $ 12.3 | 06/14/2013 | | S | | | 750,000 | 02/20/2015 | 02/20/2015 | See footnote ( 8 ) | 750,000 | $ 0.1 | 14,591,273 | I | Please see all footnotes ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Call Option ("right to purchase") | $ 12.3 | 06/17/2013 | | P | | 354,262 | | 06/17/2013 | 02/20/2015 | See footnote ( 8 ) | 354,262 | $ 6.54 | 14,945,535 | I | Please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option | | | | | | | | | | See | | | | | Please see all footnotes |

American Railcar Industries, Inc. - For 06/18/13

| | | | | | SEC Form 4 | | | | | | | | footnote | 354,262 | 02/20/2015 | 02/20/2015 | 9.1 | $12.30 | 0.00 | 14,945,535 | I | | | | |

| 0/19/2014 | | $12.3 | 06/17/2013 | | S | | | | | 354,262 | 02/20/2015 | 02/20/2015 | | | | | | | | | | |
| ("obligation to purchase") | | | | | | | | | | | | | | | | | | | | | | |

## Signatures

| | 06/18/2013 |
|---|---|
| CARL C. ICAHN | Date |
| ** Signature of Reporting Person | |

## Reporting Owners

| Reporting Owner Name / Address | Relationships | | | |
|---|---|---|---|---|
| | Director | 10% Owner | Officer | Other |
| ICAHN CARL C <br> C/O ICAHN ASSOCIATES HOLDING LLC <br> 767 FIFTH AVE., SUITE 4700 <br> NEW YORK, NY 10153 | | X | | |

## Explanation of Responses:

( 1 )High River Limited Partnership ("High River") directly beneficially owns 6,309,528 Shares, Icahn Partners LP ("Icahn Partners") directly beneficially owns 9,520,046 Shares, Icahn Partners Master Fund LP ("Icahn Master") directly beneficially owns 10,042,250 Shares, Icahn Partners Master Fund II LP ("Icahn Master II") directly beneficially owns 3,940,853 Shares, and Icahn Partners Master Fund III LP ("Icahn Master III") directly beneficially owns 1,734,854 Shares.

( 2 )Barberry Corp. ("Barberry"), is the sole member of Hopper Investments LLC ("Hopper"), which is the general partner of High River. Beckton Corp. ("Beckton") is the sole stockholder of Icahn Enterprises G.P. Inc. ("IPH"), which is the general partner of Icahn Capital LP ("Icahn Capital"). Icahn Capital is the general partner of each of Icahn Master, Icahn Master II and Icahn Master III. Icahn Enterprises G.P. Inc. ("IPH"), which is the general partner of Icahn Enterprises Holdings L.P. ("Icahn Enterprises Holdings"). Icahn Enterprises Holdings is the sole member of IPH GP LLC ("IPH"), which is the general partner of Icahn Capital LP ("Icahn Capital"). Icahn Onshore is the general partner of Icahn Partners. Icahn Offshore is the general partner of each of Icahn Master, Icahn Master II and Icahn Master III. Icahn Offshore LP ("Icahn Offshore"). Icahn Onshore is 100 percent owned by Carl C. Icahn. As such, Mr. Icahn is in a position indirectly to determine the investment and voting decisions made by each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III. Each of Hopper, Barberry and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which High River owns. Each of Hopper, Barberry and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 4 )Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which Icahn Partners owns. Each of Icahn Onshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 5 )Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn may be deemed to indirectly beneficially own (as that term is defined in Rule 13d-3 under the Act) the Shares which each of Icahn Master, Icahn Master II and Icahn Master III owns. Each of Icahn Offshore, Icahn Capital, IPH, Icahn Enterprises Holdings, Icahn Enterprises GP, Beckton and Mr. Icahn disclaims beneficial ownership of such Shares except to the extent of their pecuniary interest therein.

( 6 )High River directly beneficially owns 2,989,107 American-style call options (the "Call Options"), Icahn Partners directly beneficially owns 4,509,577 Call Options, Icahn Master directly beneficially owns 4,768,139 Call Options, Icahn Master II directly beneficially owns 1,861,007 Call Options, and Icahn Master III directly beneficially owns 818,705 Call Options. In each case, the exercise, termination or transfer of the Call Options will reduce the number of Put Options on a one-for-one basis.

( 7 )High River directly wrote 2,989,107 European-style put options (the "Put Options"), Icahn Partners directly wrote 4,509,577 Put Options, Icahn Master directly wrote 4,768,139 Put Options, Icahn Master II directly wrote 1,861,007 Put Options, and Icahn Master III directly wrote 818,705 Put Options. The Put Options reference an aggregate of 14,945,535 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide that they settle in cash.

( 8 )The Call Options reference an aggregate of 14,945,535 Shares, have an exercise price of $12.30, expire on February 20, 2015, and provide for physical settlement.

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, see Instruction 4(b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

© 2005-2014 SecForm4.Com All rights reserved.
Archives: 2014 2013 2012 2011 2010 2009 ...
Sun, 19 Oct 2014 15:14:00 -0500|

SEC is the U.S. Securities and Exchange Commission. EDGAR is a trademark of the SEC. SecForm4.Com is not affiliated with or approved by the U.S. Securities and Exchange Commission (SEC).
Terms of Use | Privacy Statement |

...erForm4.com/filings/1002517/000114036113025615.htm

| Sec Form 4 | Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks Insider Buying | Insider Sales |
| | Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

## Icahn Carl C - Nuance Communications Inc. - For 06/24/13

1. **About Form 4 Filing:** Every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the '34 Act must file with the U.S. Securities and Exchange Commission (SEC) a statement of ownership regarding such security. The initial filing is on Form 3 and changes are reported on Form 4. The Annual Statement of beneficial ownership of securities is on Form 5. The forms contain information on the reporting person's relationship to the company and on purchases and sales of such equity securities.
2. Form 4 is stored in SEC's EDGAR database. EDGAR is Electronic Data Gathering, Analysis and Retrieval System. It is a registered trademark of the SEC.

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ==>> What is insider trading>>

✈ Email a friend >>...

Enter Stock Ticker Symbol or Cik:      Free Search!    Cik Lookup...

Search By Company or Insider Name:      Search!  Google

The following is an SEC EDGAR document rendered as filed.
Here is the list of insider trading transaction codes.

# FORM 4

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549
## STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP
Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Expires: | November 30, 2011 |
| Estimated average burden hours per response... | 0.5 |

1. Name and Address of Reporting Person *
ICAHN CARL C
(Last)          (First)          (Middle)
C/O ICAHN ASSOCIATES HOLDING LLC, 767 FIFTH AVE.,
SUITE 4700
(Street)
NEW YORK, NY  10153
(City)       (State)       (Zip)

2. Issuer Name and Ticker or Trading Symbol
Nuance Communications, Inc. [ NUAN]

3. Date of Earliest Transaction (MM/DD/YY)
06/20/2013

4. If Amendment, Date Original Filed (MM/DD/YY)

5. Relationship of Reporting Person(s) to Issuer
(Check all applicable)
___ Director          X ___ 10% Owner
___ Officer (give title below)   ___ Other (specify below)

6. Individual or Joint/Group Filing (Check Applicable Line)
X ___ Form filed by One Reporting Person
___ Form filed by More than One Reporting Person

## Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1.Title of Security (Instr. 3) | 2. Transaction Date (MM/DD/YY) | 2A. Deemed Execution Date, if any (MM/DD/YY) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |

## Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
### ( e.g. , puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (MM/DD/YY) | 3A. Deemed Execution Date, if any (MM/DD/YY) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (MM/DD/YY) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Call Option ("right to purchase") | $ 12.3 | 06/20/2013 | | P | | 262,005 | | 06/20/2013 | 02/20/2015 | see footnote 8 | 262,005 | $ 6.29 | 15,207,540 | I | please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option ("obligation to purchase") | $ 12.3 | 06/20/2013 | | S | | | 262,005 | 02/20/2015 | 02/20/2015 | See footnote 8 | 262,005 | $ 0.01 | 15,207,540 | I | Please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Call Option ("right to purchase") | $ 12.3 | 06/21/2013 | | P | | 333,100 | | 06/21/2013 | 02/20/2015 | See footnote 8 | 333,100 | $ 6.2 | 15,540,640 | I | Please see all footnotes ( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) ( 8 ) |
| Put Option ("obligation | $ 12.3 | 06/21/2013 | | S | | | 333,100 | 02/20/2015 | 02/20/2015 | See footnote 8 | 333,100 | $ 0.01 | 15,540,640 | I | Please see all footnotes ( 1 ) ( 2 ) |